UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEONARDO ALATORRE,

                Plaintiff,

v.                                                Case No. 18-2713-DDC

DONALD TRUMP, et al.,

                Defendants.

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS and**
**REPORT AND RECOMMENDATION**

The pro se plaintiff, Leonardo Alatorre, has moved to proceed with this action *in forma pauperis* (ECF No. 3). As discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that, although plaintiff should be granted leave to proceed *in forma pauperis*, his action be dismissed under the screening provisions of 28 U.S.C. § 1915(e)(2).

I.    Motion to Proceed In Forma Pauperis

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[2] The decision to grant or

---

[1] 28 U.S.C. § 1915(a)(1).

[2] *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006).

deny *in-forma-pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[3]  Based on the information contained in plaintiff's affidavit, plaintiff has shown a financial inability to pay the required filing fee.  Plaintiff's affidavit indicates that he's unemployed, with approximately $250 in monthly expenses and $400 of cash on hand.  The court therefore grants plaintiff leave to proceed without prepayment of the filing fee pursuant to § 1915(a)(1).

II.     Screening under 28 U.S.C. § 1915(e)(2)

When a party is granted leave to proceed *in forma pauperis*, § 1915(e)(2) requires the court to screen the party's complaint.  The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[4]  The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[5]  The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[6]

---

[3]*Id.*

[4]28 U.S.C. §1915(e)(2)(B).

[5]*Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[6]*See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7]  This does not mean, however, that the court must become an advocate for the pro se plaintiff.[8]  "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[9]  The "court need not accept allegations that state only legal conclusions."[10]  Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[11]

Plaintiff's form complaint contains very little information.  Plaintiff alleges that he was discriminated against and harassed by various U.S. government officials as part of an "espionage hostile intake game."[12]  Plaintiff also references a settlement involving himself, defendants, and "the honorable 'Judge Ito' from California the one in the Simpson case …. [a]nd the Current Supreme Court Judge Tim Brody and other witnesses

---

[7]*Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[8]*Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[9]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]*Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *1 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[11]*Phillips v. Layden*, 434 F. App'x 774, 775 (10th Cir. 2011) (internal quotation and citation omitted).

[12] ECF No. 1 at 7.

like Geraldo Riviera and Govenror Arnold Scharwnegger [sic]."[13]

The undersigned recommends that plaintiff's complaint be dismissed for failure to state a claim. To the extent plaintiff's complaint could be read to contain *any* assertions, they are only "vague, rambling" assertions from which it would be impossible for defendants to frame an answer.[14] His "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[15] The undersigned believes that there is no logical construction of plaintiff's complaint from which to divine a cognizable claim. In addition, the undersigned finds that any attempt to amend the complaint would be futile.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

The Clerk is directed to send a copy of this report and recommendation to plaintiff by regular and certified mail.

IT IS SO ORDERED.

---

[13] *Id.*

[14] *Collier-Kinnell v. U.S.*, No. 10-4140, 2010 WL 4807075, at *2 (D. Kan. Nov. 17, 2010).

[15] *Hall*, 935 F.2d at 1110.

Dated January 4, 2019, at Kansas City, Kansas.

                                              <u>s/ James P. O'Hara</u>
                                              James P. O'Hara
                                              U.S. Magistrate Judge